UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 13          1172

LIONEL ROBERTSON,

              Plaintiff,

     ·against·

THE CITY OF NEW YORK, and
POLICE OFFICERS MICHAEL SCOLOVENO
and JASON SHARP of the NEW YORK CITY
POLICE DEPARTMENT

              Defendant(s),

—————————————————————— x

**COMPLAINT
AND JURY DEMAND**

2013 MAR -5 PM 3:44
FILED CLERK

ORENSTEIN, M.J.

## PRELIMINARY STATEMENT

1.    This is an action for monetary damages (compensatory and punitive) against THE CITY OF NEW YORK, and POLICE OFFICERS MICHAEL SCOLOVENO and JASON SHARP of the New York City Police Department ("NYPD"), arising out of the false arrest and false imprisonment of LIONEL ROBERTSON.

2.    On March 10, 2010, POLICE OFFICERS MICHAEL SCOLOVENO and JASON SHARP of the NYPD, and other members of the NYPD, acting under the color of state law, intentionally and willfully subjected plaintiff to, *inter alia*, false arrest, false imprisonment and detention for acts of which plaintiff was innocent. This unconstitutional and unreasonable seizure of the plaintiff and his property was in violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

3.    The Plaintiff, LIONEL ROBERTSON, through his attorneys, complaining of the defendants, respectfully alleges:

## JURISDICTION

4.      This action is brought under 28 U.S.C. §§ 1331 and 1343, 42
U.S.C. §§ 1983, 1985 and 1988 and the Fourth, Fifth and Fifteenth
Amendments to the Constitution of the United States. Pendant Jurisdiction,
pendant party jurisdiction, and supplementary jurisdiction over plaintiff's
state law claims is asserted.

5.      The amount in controversy exceeds $75,000.00 excluding
interest and costs.

6.      Venue is laid within the United States District Court for the
Eastern District of New York in that the claims alleged in the complaint
occurred within the boundaries of the Eastern District of New York,
particularly Kings County.

## PARTIES

7.      Plaintiff at all times relevant hereto resided in the City and
State of New York, County of Kings.

8.      That at all times hereinafter mentioned, and upon information
and belief, the defendant, THE CITY OF NEW YORK, was at all times
relevant hereto, a municipal corporation duly organized and existing under
the laws, statutes and charters of the State of New York.

9.      The NYPD was at all times relevant hereto, an agency of the
defendant THE CITY OF NEW YORK.

10.      That at all times hereinafter mentioned, and on information and
belief, the defendants MICHAEL SCOLOVENO and JASON SHARP and
other members of the NYPD, were at all times relevant hereto, employees of
the defendant CITY OF NEW YORK, as police officers employed by the
NYPD.

11.      At all times mentioned herein, defendants were acting under
color of state and local law, to wit, under color of statutes, ordinances,

2

regulations, policies, customs and usages of the City of New York and the State of New York.

12.     That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by the defendant, THE CITY OF NEW YORK. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of defendant, THE CITY OF NEW YORK.

13.     That as a result of the foregoing, the defendant, THE CITY OF NEW YORK, is liable for the individual defendant's acts under to the doctrine of "respondeat superior."

## FACTUAL ALLEGATIONS

14.     On March 10, 2010 at approximately 6:10 p.m. plaintiff was driving in his car, a 2005 Lincoln Town Car with a New York license plate, westbound on Linden Boulevard when he was stopped by an unmarked police vehicle in the vicinity of Watkins Street and Linden Boulevard in Brooklyn.

15.     As plaintiff was sat in his vehicle he was approached by OFFICER MICHAEL SCOLOVENO who ultimately arrested plaintiff.

16.     Plaintiff was arrested and charged with driving his car the wrong way down a one-way street, driving with a suspended license, and possession of marijuana.

17.     But not only did plaintiff not drive down a one-way street with a suspended license, at no time did plaintiff violate any vehicular and traffic law prior to being stopped by NYPD.

18.     Plaintiff's driver's license was valid at the time he was arrested.

19.     In addition, Plaintiff was not in possession of marijuana.

20.     In spite of plaintiff's efforts to explain to OFFICER
SCOLOVENO that he had not done anything to violate the law, plaintiff was
removed from his vehicle, patted down, arrested, and rear-cuffed by
OFFICER SCOLOVENO.

21.     Plaintiff was taken to the 81st precinct in Brooklyn where he
was processed for arrest.

22.     While plaintiff was at the precinct he was confronted by second
police officer, OFFICER JASON SHARP.

23.     OFFICER SHARP arrested plaintiff for the illegal possession of
marihuana that allegedly happened on February 19, 2010 at 6:30 a.m. at 665
Watkins Street in Kings County.

24.     Even though OFFICER SHARP claimed under oath that he
observed plaintiff in possession of this marihuana on February 19, 2010 at
6:30 a.m. plaintiff was never at 665 Watkins Street at this date and time.

25.     On or about March 10, 2010 plaintiff was taken to Central
Booking and then Kings County Criminal Court at 120 Schermerhorn Street
where he was arraigned on two separate criminal complaints. The OFFICER
SCOLOVENO case was docketed under 2010KN019243 and the OFFICER
SHARP case was docketed under 2010KN019242.

26.     The judge at the arraignment set bail and as a result plaintiff
remained in custody until his wife was able to post his bail approximately 2
days later.

27.     Plaintiff had to make numerous appearances in Court as a
result of these false criminal charges.

28.     On June 21, 2010 in Part AP-1, Docket No. 2010KN019242 was
dismissed and sealed.

27.     Docket No. 2010KN019243 resulted in an ACD.

29.     Plaintiff suffered emotional distress, including nightmares,
because of his arrest and detention.

30.     Plaintiff was forced to miss work because of his arrest and detention.

31.     Plaintiff was not compensated for these two days.

32.     Because of defendants' conduct, plaintiff was imprisoned, detained, restrained and against his will and was unlawfully deprived of his liberty and property.

33.     The arrest of the plaintiff was committed by the defendants without legal process and without probable cause.

34.     The plaintiff remained in custody for approximately 3 days.

35.     Defendants acted maliciously and intentionally.

36.     As a direct and proximate result of the acts of defendants, plaintiff suffered injuries including but not limited to, embarrassment, humiliation, emotional distress, and loss of liberty and property.

## FIRST CLAIM FOR RELIEF
### (FALSE ARREST AND ILLEGAL IMPRISONMENT)

37.     Paragraphs 1 through 36 are herein incorporated by reference.

38.     Defendants subjected plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

39.     Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

40.     As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged in the sum of Five Million ($5,000,000.00) Dollars.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.      In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B.     Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C.     Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.     Granting such other and further relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (MUNICIPAL LIABILTY)

41.     Paragraphs 1 through 40 are incorporated herein by reference.

42.     Defendant CITY OF NEW YORK is liable for the damages suffered by the plaintiff as a result of the conduct of its employees, agents, and servants.

43.     Defendant CITY OF NEW YORK knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

44.     Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers to make false entries in official police department records to cover up and hide their wrongful conduct.

45.     Defendant CITY OF NEW YORK has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

46.     Defendant CITY OF NEW YORK has damaged the plaintiff by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

47.     Defendants subjected plaintiff to false arrest and false imprisonment.

6

48.     Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Five Million ($5,000,000.00) Dollars.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.      In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B.      Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C.      Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.      Granting such other and further relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
### (FOURTH AMENDMENT)

49.     Paragraphs 1 through 48 are incorporated herein by reference.

50.     Defendant OFFICERS SCOLOVENO and SHARP arrested plaintiff subjecting him to false arrest, imprisonment and deprivation of liberty without probable cause.

51.     That as a result of the foregoing, the plaintiff has been deprived of his following rights, privileges and immunities secured to him by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

52.     Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendants in the amount of Five Million ($5,000,000.00) Dollars.

7

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.      In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B.      Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C.      Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.      Granting such other and further relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
### (FOURTEENTH AMENDMENT)

53.     Paragraphs 1 through 52 are incorporated herein by reference.

54.     Defendant OFFICERS SCOLOVENO and SHARP illegally arrested plaintiff subjecting him to false arrest, imprisonment and deprivation of liberty without probable cause.

55.     That as a result of the foregoing, the plaintiff has been deprived of his following rights, privileges and immunities secured to him by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

56.     Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendants in the amount of Five Million ($5,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.    In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B.    Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C.    Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.    Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated: New York, New York
        March 5, 2013

                              BROMBERG LAW OFFICE, P.C.

                              By:    Michael N. Litrownik
                                     One of Plaintiff's Attorneys

**Attorneys for Plaintiff**

Brian L. Bromberg
Michael N. Litrownik
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, New York 10005
Telephone: (212) 248-7906
Fax: (212) 248-7908

Jonathan A. Fink
Fink & Katz, PLLC
40 Exchange Place, Suite 2010
New York, New York 10005
Telephone: (212) 385-1373
Fax: (212) 202-4036